UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



James Jiggetts,

            Plaintiff,

–v–

United Parcel Service, et al.,

            Defendants.

14-cv-8291 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is pro se Plaintiff James Jiggetts' motion for default judgment against Defendants United Parcel Service, John Mannion, and Doug Trundiak (together, the "UPS Defendants").[1] For the following reasons, that motion is DENIED.

I.    **Procedural History**

On October 10, 2014, pro se Plaintiff James Jiggetts filed his first complaint against, *inter alia*, the United Parcel Service ("UPS"), alleging various causes of action in relation to his termination of employment. Dkt. No. 1. On February 11, 2015, Jiggetts filed an amended complaint, Dkt. No. 5, and after service of summons and several extensions, the UPS Defendants timely filed their first motion to dismiss the amended complaint on July 31, 2015. Dkt. No. 17. On October 5, 2016, Jiggetts filed his opposition to this motion, Dkt. No. 27, which the Court

---

[1] On May 5, 2016, Jiggetts filed a motion asking, *inter alia*, "for default based upon the non-compliance of the defen[d]ing parties to the dispute, of lateness, tardiness, and four motions for dismissal for actions at bar that the Court already agrees that remedy must be sought in this matter at common law." Dkt. No. 44, at 2. By order dated May 10, 2016, the Court construed the Plaintiff's submission as a motion for default judgment. Dkt. No. 45. Further, in that May 10 order, the Court denied the Plaintiff's motion for default against the final defendant in this case, Mohanie Sukhu. *Id.*

subsequently construed as a request to file an amended complaint, Dkt. No. 28. In the order granting that request, the Court further stated that the UPS Defendants would have until April 13, 2016, to file a new motion to dismiss, indicate that they intended to rely on their existing motion to dismiss, or otherwise respond to the operative second amended complaint. *Id.* On that same day, the Court issued an order to show cause directed at Mohanie Sukhu, an individual defendant in this case, ordering her to file a notice of appearance. Dkt. No. 29. After Ms. Sukhu filed such a notice, the Court set a deadline of April 25, 2016, by which time she was ordered to answer or otherwise respond to the second amended complaint. Dkt. No. 33. On April 11, 2016, the UPS Defendants moved for a similar extension of time to file their response, to April 25, 2016, on the theory that such extension would allow the UPS Defendants to file their motion or pleading on the same day as Ms. Sukhu. Dkt. No. 34. On April 15, 2016, Magistrate Judge Kevin Fox denied this request, finding that the UPS Defendants had not demonstrated good cause for such an extension. Dkt. No. 35. Nevertheless, the UPS Defendants did not file their motion to dismiss until April 25, 2016—12 days late, and five days after Ms. Sukhu filed hers. Dkt. No. 39.

Shortly after the UPS Defendants filed their motion to dismiss, the Plaintiff filed the pending motion for default judgment. Dkt. No. 44. In that motion, Jiggetts appears primarily to cite the lateness of the UPS Defendants' second motion to dismiss as justification for the Court awarding him a default judgment.[2] *See id.* at 5. On May 19, 2016, the UPS Defendants submitted an opposition to Jiggetts' motion. Dkt. No. 46. In that opposition, then-counsel for the UPS Defendants Basil Sitaras[3] represents that during the week of April 15, 2016, his grandmother

---

[2] Jiggetts also cites, inter alia, the First and Fourteenth Amendments, and "the common law." *Id.* at 5-6. He also refers to Federal Rule of Civil Procedure 54, rather than Rule 55, as providing a legal basis for the requested relief. *Id.* at 6. Nevertheless, as indicated in his supplemental letter, Jiggetts' primary argument (putting aside its legal contours) appears to be that the lateness of the motion to dismiss justifies default. Dkt. No. 48.

suffered a medical emergency, and, as a result of that emergency and travel associated with it, he lost track of the relevant deadline. *Id.* at 4. The UPS Defendants argue in their opposition that default judgment is not warranted on the basis of the late filing, and that the case should proceed to adjudication on the merits. *See id.* at 4-9. The Court agrees.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 55(a), the Court may grant a default judgment when a defendant has failed to plead or otherwise to defend an action. *See* Fed.R.Civ.P. 55(a). Though a district court may, in its discretion, grant such a judgment, "[t]he Second Circuit has repeatedly emphasized its 'preference for resolving disputes on the merits,' and 'when doubt exists as to whether default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, No. 14 CIV. 7082 (PAE), 2015 WL 5737565, at *8 (S.D.N.Y. Sept. 30, 2015) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (citation omitted)). District courts in this Circuit primarily consider three factors when determining whether a default judgment is warranted: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Id.* (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004)). Further, "motions for default judgments will be denied where a party appears to defend unless it is clear that under no circumstances could the defense succeed." *Rankel v. Kabateck*, No. 12 CV 216 (VB), 2013 WL 7161687, at *7 n.8

---

[3] On August 5, 2016, Mr. Sitaras withdrew as counsel for the UPS Defendants in this case. Dkt. Nos. 50, 51.

(S.D.N.Y. Dec. 9, 2013) (quoting *Guangxi Nanning Baiyang Food Co., Ltd. v. Long River Int'l, Inc.*, No. 09 Civ. 3059 (TPG), 2010 WL 1257573, at *3 (S.D.N.Y. Mar. 30, 2010)).

There is no question that default judgment is not warranted here.[4] Though the UPS Defendants filed their motion to dismiss late (despite Judge Fox's clear denial of their motion for an extension), they have actively participated in this case for years. Further, the three factors articulated above strongly weigh against default. First, it is evident that the late-filing was not willful. Second, a review of the motion to dismiss reveals multiple potentially meritorious defenses to many of the causes of action alleged. *See* Dkt. No. 39. Finally, Jiggetts has pointed to no prejudice that this relatively minor delay has caused to him, nor could he. *Cf. Moreno-Godoy, LLP*, 2015 WL 5737565, at *9 (citing, as an example of such prejudice, a claim "that delay occasioned by [the defendant's] disregard of [a] lawsuit resulted in the destruction of relevant evidence"). Indeed, a finding of default in this case, given the potential existence of one or more meritorious defenses on the merits, would be patently inconsistent with "the interests of justice." *Id.* (assessing the interests of justice before concluding that default was not warranted given the potential existence of meritorious defenses).

The Court DENIES the Plaintiff's motion for default judgment against the UPS Defendants.

Further, in its May 10, 2016 order, the Court stayed the deadline for responding to the UPS Defendants' motion to dismiss until after resolution of the pending motion for default judgment. Dkt. No. 45. The Court hereby lifts that stay, and orders that, if Plaintiff wishes to respond to the

---

[4] The UPS Defendants also point out, correctly, that the pro se Plaintiff failed to append to his application for default judgment the Clerk's certificate of default. *See* Dkt. No. 46, at 4 (citing Local Rule 55.2(b)). The Defendants do not "formally object to" this procedural error, and thus the Court need not determine whether it alone justifies denial of the motion to default. *Id.*; *see also Rankel*, 2013 WL 7161687, at *7 (stating that, even in a pro se case, "[a] motion for a default judgment must be made in compliance with Rule 55(b) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2").

pending motion to dismiss, such response is due on or before February 14, 2017. Any reply from the UPS Defendants will be due on or before February 28, 2017.

The Court reminds the UPS Defendants that deadlines will be strictly enforced.

SO ORDERED.

Dated: January 17, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge